OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Daniel P. Napper, appeals a decision of the Ashtabula County Court, Eastern District, overruling his motion to suppress evidence that was obtained through a warrantless search by the Ohio State Highway Patrol. The following facts are relevant to a determination of this appeal.
On March 7, 2000, Trooper Daniel Keller of the Ohio State Highway Patrol stopped a 1996 Chevrolet on State Route 11 in Ashtabula County for traveling eighty-seven m.p.h. in a sixty-five m.p.h. zone. The vehicle was occupied by a female driver and three male passengers. Upon approaching the vehicle, Trooper Keller observed that the driver appeared to be afraid or nervous as she was visibly shaking. Additionally, she avoided eye contact with him.
Trooper Keller also noted that the three passengers appeared "scared or afraid." They either looked straight ahead, or they looked to the right, also avoiding eye contact with the trooper. Appellant was positioned in the right rear passenger seat. Trooper Keller indicated that all four vehicle occupants appeared "two or three times" more nervous than people normally are when they are pulled over on a traffic stop.
The trooper had the driver exit the vehicle, whereupon he patted her down for weapons before placing her in his patrol car. Since the occupants of the stopped vehicle all seemed especially nervous, and he was outnumbered four to one, Trooper Keller radioed for backup. He then proceeded to write a citation for speeding while waiting for backup to arrive. The trooper noticed that the female driver still seemed exceptionally nervous. She was shaking, sweating, and her carotid artery was pulsing.
At that point, Trooper Keller advised the driver that he was going to ask her "some criminally related questions," and he informed her of herMiranda rights. He then asked whether a police dog would "alert" to her vehicle. She answered in the affirmative, stating that someone in the vehicle had marijuana and a pipe, although she refused to identify which person that was. While waiting for backup to arrive, the trooper noticed that the passengers who remained in the vehicle were "moving around," but it was not clear exactly what they were doing.
Once backup arrived, Trooper Keller began removing the passengers from the vehicle, one at a time, searching each one. Upon searching the first passenger, the trooper discovered marijuana in his shoe. Nothing was discovered on the second passenger. The third passenger, appellant, walked in what Trooper Keller described as an "awkward" manner. This alerted the trooper that there may have been some contraband in appellant's shoe. He had appellant remove his shoes and, while appellant was removing his right shoe, a marijuana pipe fell to the ground.
On March 9, 2000, a complaint was filed in the Ashtabula County Court, Eastern District, charging appellant with possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. Appellant entered a plea of not guilty.
On April 28, 2000, appellant filed a motion to suppress evidence. Specifically, appellant claimed that Trooper Keller was not justified in performing the search on March 7, 2000, which resulted in the discovery of the marijuana pipe. A hearing was conducted on appellant's motion on May 15, 2000. On July 20, 2000, the trial court overruled appellant's motion to suppress finding that Trooper Keller had probable cause to search appellant based upon the statement made by the driver that one of the passengers had possession of marijuana and a pipe.
Subsequently, on October 16, 2000, appellant changed his plea to no contest. He was found guilty, fined $250, sentenced to thirty days in jail, which was suspended, and given one year of unsupervised probation. Appellant timely filed a notice of appeal and has now set forth a single assignment of error.
Appellant asserts that the trial court erred by overruling his motion to suppress. We disagree. It is well established that when an automobile is pulled over for a routine traffic stop, the police officer can justifiably ask the driver to exit the vehicle. Pennsylvania v. Mimms
(1977), 434 U.S. 106. Many jurisdictions, including Ohio, have extended that holding to include passengers in the vehicle. State v. Williams
(1994), 94 Ohio App.3d 538, 544; State v. Watson (Aug. 23, 1996), Montgomery App. No. 15449, unreported, 1996 WL 491793, at 4, citing Statev. Ferrise (Minn. 1978), 269 N.W.2d 888.
However, Mimms does not automatically bestow upon the police officer the authority to conduct a pat-down search of the driver or passengers.State v. Evans (1993), 67 Ohio St.3d 405, 409. Instead, the relevant inquiry is whether the officer, based upon the totality of the circumstances, had a reasonable, objective basis for conducting a search. In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a search of a person is permissible when the officer has a reasonable suspicion that criminal activity is occurring, or that his safety is compromised. Id. at 27.
In the instant case, the driver of the vehicle informed the trooper that a crime was being committed, at that moment, by one or more of the passengers in her car. The Supreme Court of Ohio, in Maumee v. Weisner
(1999), 87 Ohio St.3d 295, identified three types of informants: (1) the anonymous informant; (2) the known informant, from whom the police have previously received reliable tips; and (3) the identified citizen informant. Id. at 300. Under this hierarchy, the anonymous informant is the least reliable, and the identified citizen is the most reliable.
In the present case, the driver of the vehicle would be considered comparable to the identified citizen, the most reliable type of informant. It was her car in which appellant was a passenger. There simply was no incentive for her to fabricate a false story for the officer. However, the categorization of the informant as an identified citizen does not itself determine the result in this case. It is just one element to consider within the totality of the circumstances. Trooper Keller had some evidence of probable cause to believe that criminal activity was afoot, and to search the passengers of the vehicle. In addition, the trooper had observed furtive movement on the part of the passengers while they were left alone in the vehicle and he later noticed that appellant was walking in an awkward manner. This aroused his suspicions. Hence, there was an abundance of circumstances supporting the trooper's search of appellant's shoe.
Appellant relies on State v. Mitchell (1993), 87 Ohio App.3d 484 to support his appeal. Mitchell, however, is distinguishable in that inMitchell, the driver of the stopped vehicle told the officer that there was some cocaine under the front seat of his vehicle. Thus, the officer in Mitchell had information that the vehicle contained evidence of a crime. That is different than the case sub judice where the trooper had information that one of the passengers in the vehicle was committing a crime. In Mitchell, there was no probable cause to search the passengers; here, there was.
Based upon the foregoing analysis, the trial court properly overruled appellant's motion to suppress. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 __________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
FORD, J., GRENDELL, J., concur.